IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MELVIN LEROY PAUL,<br><br>Petitioner,<br><br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:04-CV-1068 TS<br><br>Criminal Case No. 2:03-CR-175 TS |

Petitioner Melvin Leroy Paul brings a Motion to Vacate or Correct Sentence, pursuant to

28 U.S.C. § 2255,[1] as well as a Motion to Appoint Counsel.[2]  The government has also filed[3]

---

[1] Docket No. 1 in Case No. 2:04-CV-1068-TS.

[2] Docket No. 7 in Case No. 2:04-CV-1068-TS.

[3] Although the docket reflects that the government filed a Motion to Respond to 2255 Motion on October 3, 2005 (Docket No. 6 in Case No. 2:04-CV-1068-TS), that pleading is actually the United States' Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence.

Motion for Leave to File Response Out of Time.[4]  Petitioner is proceeding *pro se* in this matter. The Court, having fully considered the pleadings and being otherwise fully informed, will deny all pending motions and dismiss this case.

On March 5, 2003, Petitioner was charged in a two-count Indictment with Felon in Possession of a Firearm and Ammunition, and Possession of Methamphetamine with Intent to Distribute.[5]  On June 23, 2003, Petitioner pleaded guilty to Count I.  After a presentence report was prepared, the Court sentenced Petitioner to 57 months incarceration on August 27, 2003.  As agreed upon by the parties in the plea agreement, Count II was dismissed at sentencing upon motion of the government.  Judgment was entered on September 3, 2003.[6]  Petitioner did not pursue a direct appeal.

<u>DISCUSSION</u>

I.   <u>GOVERNMENT'S MOTION TO FILE RESPONSE OUT OF TIME</u>.

The instant § 2255 Motion was filed on November 18, 2004.  The Court ordered the government to respond to the Motion on or before May 6, 2005.  Nearly five months later (and six and a half months after the Order issued), the government filed a Motion for Leave to File

---

[4] Docket No. 5 in Case No. 2:04-CV-1068-TS.

[5] Docket No. 3 in Case No. 2:03-CR-175-TS.

[6] Docket No. 26 in Case No. 2:03-CR-175-TS.

Response Out of Time, on October 3, 2005.[7]  Petitioner filed his response thereto on October 19, 2005.[8]

The Court must respond to what it considers to be an institutional breakdown on the part of the government in this District.  The continual failures of the government to comply with the Court's orders to respond to § 2255 Motions has become chronic.  For example, of the Court's 16 pending § 2255 Motions, the government has failed to respond to six of them, despite specific orders issued by the Court.  The Court has found this to be a problem over the past two years.  Therefore, while the Court understands that extenuating circumstances may exist in this case, it is responding to a pattern that has become a problem.  As such, the Court will deny the government's Motion for Leave to File Response Out of Time, and will render its decision without the benefit of the government's response.

II.   PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL.

Petitioner's response to the government's Motion came in the form of a hand-written letter, which also requested the appointment of counsel, which the Court has further deemed as a Motion for Appointment of Counsel.[9]

In sum, there is no constitutional or statutory right to appointment of counsel in a § 2255 proceeding when relief is denied without an evidentiary hearing.[10]  In this case, the single

---

[7] Docket No. 5 in Case No. 2:04-CV-1068-TS.

[8] Docket No. 7 in Case No. 2:04-CV-1068-TS.

[9] *Id.*

[10] *Swazo v. Wyo. Dep't of Corr. State Pen. Warden*, 23 F.3d 332, 333 (10th Cir.1994) ("[T]here is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required.").  Further, under Rule 8(c) of the Rules Governing Section 2255

3

substantive issue presented to the Court is simple and straight-forward.  The Court finds that no evidentiary hearing is required because Petitioner makes a legal argument that does not require findings of fact, as set forth in the next section.  Therefore, appointment of counsel is unnecessary.  The Court will deny Petitioner's Motion for Appointment of Counsel.

II.      PETITIONER'S § 2255 MOTION.

Petitioner's sole argument centers on the recent Supreme Court cases of *Blakely v. Washington*[11] and *United States v. Booker*.[12]  Petitioner argues that the Court's findings resulting in a four-level increase in Petitioner's sentencing guidelines offense level, pursuant to USSG § 2K2.1(b)(5) – based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt – were in violation of his Sixth Amendment rights.

Simply put, *Booker* does not apply to cases on collateral appeal.  However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable.  The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the

---

Proceedings, "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)."

[11] 540 U.S. 965 (2004).

[12] 125 S.Ct. 738 (2005).

Supreme Court holds it to be retroactive."[13]   The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[14]

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[15]   The Tenth Circuit has also held that "the rule announced in *Booker* is not retroactive."[16]   Because Petitioner's conviction was clearly final by June 24, 2004,[17] the Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

<u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that the government's Motion for Leave to File Response Out of Time (Docket No. 5) is DENIED.  It is further

ORDERED that Petitioner's Motion for Appointment of Counsel (Docket No. 7) is DENIED.  It further

ORDERED that Petitioner's § 2255 Motion (Docket No. 1) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

---

[13] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[14]   125 S.Ct. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[15] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

[16] *United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

[17] As noted above, the Judgment in the underlying criminal case was entered on September 3, 2003.  Docket No. 26 in Case No. 2:03-CR-175-TS.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 9th day of February,  2006.

BY THE COURT:

_____
TED STEWART
United States District Judge